IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT N. JOHNSON,<br><br>                Plaintiff,<br><br>    v.<br><br>U SAVE AUTO SALES INC., d/b/a<br>U SAVE AUTO SALES; WILLARD PARKER,<br>Trustee of the Parker-Ewing<br>Commercial Real Estate Defined<br>Benefit Pension Plan,<br><br>                Defendants.[1] | 2:08-cv-02138-GEB-GGH<br><br><u>ORDER TO PAY SANCTIONS<br>AND CONTINUING STATUS<br>(PRETRIAL SCHEDULING)<br>CONFERENCE</u> |

        Plaintiff failed to respond to an OSC filed December 17, 2008, to which he was required to respond no later than January 19, 2009. The OSC required Plaintiff to show cause why a sanction should not be imposed for his failure to file a timely status report.

/ / /

---

[1] The case caption was changed to reflect the dismissal of Defendant Sandra K. Parker filed on January 9, 2009.

1

1    A sanction may be imposed under Federal Rule of Civil
2 Procedure 16(f) unless the judge finds the noncompliance with a filing
3 requirement "was substantially justified or that other circumstances"
4 show it should not issue.  See Ayers v. City of Richmond, 895 F.2d
5 1267, 1269-70 (9th Cir. 1990) (upholding sanction where counsel failed
6 to appear for a settlement conference because the date "slipped by
7 him"); Ikerd v. Lacy, 852 F.2d 1256, 1258-59 (10th Cir. 1988)
8 ("Neither contumacious attitude nor chronic failure is a necessary
9 threshold to the imposition of sanctions under Rule 16 . . . .").
10   The primary purpose of sanctions in the Rule 16 context "is
11 to insure reasonable management requirements for case preparation."
12 Matter of Sanction of Baker, 744 F.2d 1438, 1441 (10th Cir. 1984); see
13 also 1983 Advisory Committee Notes to Fed. R. Civ. P. 16(f) ("[The]
14 explicit reference to sanctions reenforces the rule's intention to
15 encourage forceful judicial management.").  Thus, violations of Rule
16 16 are not merely technical or trivial, but involve a "matter most
17 critical to the court itself:  management of its docket," and the
18 avoidance of unnecessary delays and problems in the administration of
19 its cases.  Baker, 744 F.2d at 1441.
20   Since Plaintiff failed to respond to the OSC and did not
21 file a timely status report Scott Johnson is sanctioned in the amount
22 of FIVE HUNDRED DOLLARS ($500.00).  Mr. Johnson shall pay the sanction
23 to the Clerk of the Court for this District within fifteen (15) days
24 from the date this Order is filed.  The check shall be made payable to
25 the  "United States Treasury."  Proof of payment must be sent to the
26 undersigned judge's chambers within five (5) days of payment.
27   Further, the status hearing scheduled for February 2, 2009,
28 is rescheduled to commence at 9:00 a.m. on March 16, 2009. A status

1 | report shall be filed no later than fourteen days prior to the status
2 | conference.
3 |     IT IS SO ORDERED.
4 | Dated: January 22, 2009

```
                              _____
                              GARLAND E. BURRELL, JR.
                              United States District Judge
```